GEORGE NICHOLAUS, The (STURTEVANT v.). See Case No. 13,578.

---

## Case No. 5,339.

### The GEORGE PRESCOTT.

[1 Ben. 1;[1] 2 Int. Rev. Rec. 133.]

District Court, E. D. New York. Sept., 1865.

ADMIRALTY PRACTICE—DEFAULT—SETTING ASIDE A SALE—PROCEEDS OF SAILS SOLD BY THE MASTER TO BE BROUGHT INTO COURT—COSTS.

1. Several libels were filed against a vessel—one for wages due to the master and crew, one on a bottomry bond, and others for advances and supplies. Defaults were taken on all the processes, and final decrees were rendered, and the vessel was sold under a venditioni exponas to one of the libellants for a sum insufficient to pay all the claims. The next day the second libellant applied to the court to set aside the sale, and open the default taken against him in the wages case, on affidavits alleging that the wages of the crew, and the bottomry bond had been paid, and that there was nothing due to the master. He also alleged that the master and one Smith had stripped the vessel of her sails before her sale by the marshal, so that she had brought an insufficient price. On this a monition was issued to the master and Smith to show cause why they should not produce the sails, and an order was made, for all parties to show cause why the sale should not be set aside and the default opened. On the return of this monition and order, the parties appeared and furnished

affidavits—that of the master alleging that before the seizure of the vessel by the marshal he took the sails and had sold them for $600, and that he had not the possession of the sails, and did not know where they were, and that he had a mortgage on the vessel under which he had a right to take them. Held, that as it appeared on the evidence that the vessel was sold for her full value excluding the sails, the court would not disturb the sale.

2. As it appeared that the seamen had not been paid their wages, the application to open the decree in their favor must be denied.

3. The master's right to a lien being disputed, and it not being made certain that the amount claimed by him was due, and the applicant to open the decree being free from laches, the decree in favor of the master should be opened, and the applicant allowed to contest his claim.

[Cited in Whitney v. The Mary Gratwick, Case No. 17,591.]

4. Whatever rights the master had under his mortgage, he could not be allowed to enforce them, as he had done in this case, to the detriment of others who had liens upon the mortgaged property; and as he admitted that he had sold the sails and had the proceeds in his possession, he must be required to pay them into the registry of the court to meet such claims as were valid liens on the vessel.

5. The question of costs reserved.

The schooner George Prescott (a British vessel) was libelled on the 11th day of August, 1865, by Robert Johnson, her master, and six of her crew, to recover wages for services in navigating her. Subsequently, on the same day, William H. Birchard filed his libel against the same vessel, her tackle, &c., to recover certain advances alleged to have been made for the purchase of supplies. On the 12th day of August, Benj. R. Luddington and others filed their libel to recover a bottomry debt. Subsequently, on the same day, James M. Hicks and others filed their libel for supplies furnished. On the 15th of August, Josephus F. Packer and others filed their libel for advances; and on the 30th of August, Peter McEnary, pilot, filed a petition for pilotage. On the return of the various processes, no one appearing to defend in any of the actions, an interlocutory decree was made in each cause, and a reference ordered to ascertain the amount due the respective libellants; and upon the coming in of the report a final decree was rendered in each cause, and the vessel condemned to be sold, reserving, however, the question of distribution for the further order of the court. A venditioni exponas was accordingly issued, and on the 14th day of September, the vessel was sold by the marshal to Packer, one of the libellants, who had filed the fourth libel against the vessel, for a sum insufficient to pay the various claims. On the day following the sale, application was made to the court in behalf of Birchard, who had filed the second libel, to set aside the sale and open the decrees made in favor of the master and crew, upon affidavits tending to show, among other things, that the amounts claimed by the seamen had been paid them; that no wages were due the master; that the bottomry bond had been paid

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

and discharged before suit was brought on it; that the master, Johnson, and J. Penniman Smith had removed from the vessel her sails and bedding, of considerable value, and so disposed of the same that it had not been seized by the marshal, and that the vessel had thus been sold, stripped of her sails and bedding, with intent to defraud the parties having liens, and defeat them in the enforcement of the claims made in court against the vessel, her tackle, apparel and furniture. A monition was accordingly issued, citing Johnson and Smith to appear and show cause why they should not produce the sails and bedding of the vessel, and an order made directing all parties interested to show cause why the sale should not be set aside, and the decrees in favor of the master and seamen opened, so as to allow the material man to come in and contest these claims. Upon the return of the order and monition, the master and crew and the purchaser of the vessel at the marshal's sale, appeared and submitted affidavits tending to contradict the statements made in the moving papers. By consent of all parties, the affidavits of Johnson (the master) and of Smith, were taken as their answer to the petition and monition against them.

Benedict, Burr & Benedict, for the motion.
Emerson, Goodrich & Knowlton, in opposition.

BENEDICT, District Judge. The relief demanded by Birchard upon this application is threefold. He asks, in the first instance, that the sale of the vessel made by the marshal be set aside, and the vessel remanded into custody to abide the result of his action against her. Without discussing what may be the power of the court to set aside a judicial sale of a vessel which has been sold, without her sails, to a purchaser who was one of the parties libelling, and who, with knowledge of the other claims pending against her, bought her for a sum insufficient to pay all, I am of the opinion that this part of the application must fail in this case, for the reason that it is not made to appear upon the proof that the vessel did not bring a full price. The evidence before me is, that the full value of the vessel, excluding the value of her sails, was bid, and that amount has been paid into the registry, where it now is subject to the order of the court. Upon such a state of facts I decline to disturb the sale.

The libellant Birchard, further asks that the decrees entered in favor of the master and crew be opened, and he allowed to contest these claims. This is opposed upon the ground that the claims are clearly just and due, and further that the decrees were regularly taken in presence of Birchard, with full knowledge on his part of their character, and that by omitting to apply to contest until after the final decrees were entered, he has waived all right now to dispute them.

In cases like the present, where several libels are filed against the same vessel, to pay which the proceeds turn out to be insufficient, and no owner appears, and where one of the libellants, finding the proceeds insufficient to pay his demands, asks to be allowed to show that claims otherwise liable to be paid out of the fund in preference to his own are not justly due, the application is seldom if ever denied. There is, in truth, no time before the actual sale of the vessel when any libellant can know that his interest will be prejudiced by decrees rendered in favor of other libellants, or that any adverse action on his part will be required to secure the payment of his demand; whether any one other than the owner, and if any what one, will be compelled to contest the claims seeking to be first paid, can only be known when the gross amount of the demands is ascertained, and the amount applicable to their payment known by the result of the sale. It is undoubtedly more strictly regular for each libellant in cases like the present, upon the return of the processes, to reserve before the court his right to contest the demands of the other libellants, when the result of the sale should disclose the necessity; but this is often omitted, and decrees more often rendered upon the understanding that they do not cut off any right of any libellant before the court. Here the application was made on the day subsequent to the sale, and on the same day on which the money was paid into the registry; and the position of the various actions, with the further fact admitted by the master, that he had expressed to Birchard the opinion that the vessel, if sold as she was, would bring an amount nearly if not quite equal to the amount necessary to insure the payment of Birchard's claim, clearly warrant the court in holding him free from laches, and allowing him to contest the demands of the master and seamen, if he show good ground of defence. This, however, he fails to do, so far as relates to the claims of the mate and seamen. The affidavits satisfy me that the mate and men have never been paid, and their lien cannot be questioned. The application to open the decrees made in favor of the mate and seamen must, therefore, be denied.

In regard to the demand of the master the facts are different. His right to a lien is disputed; and I am not satisfied, upon the proofs as they stand, that the amount claimed is due him, and it seems proper that the other parties interested in the fund should be allowed to contest his demand. The decree made in favor of the master is, therefore, opened, and Birchard allowed to come in and contest it.

Birchard further asks, under the provisions of the 8th admiralty rule, for an order directing the master, Johnson, and J. Penniman Smith, to produce and deliver to the marshal the sails and bedding of the vessel.

The affidavit of Johnson, by consent taken as his answer and defence to this application, sets up that before the vessel was seized by the marshal, he took her four large sails and also some bedding; that the bedding was his private property, and no part of the apparel and furniture of the vessel; that he has sold the sails for $600, and has not the possession or control of them, and is ignorant of their whereabouts; that he has a mortgage upon the vessel for $1000, and under its provisions he had the right to take and sell the sails and appropriate the proceeds. The answer omits to state how long before the seizure of the vessel the sails were removed, nor does it state when they were sold nor to whom they were delivered. Now, whatever rights in this property the master may have by virtue of his mortgage, it is evident that he cannot be permitted in this way to adjudicate for himself upon them, to the prejudice of seamen, material men, and bottomry creditors, claiming liens upon the same property as part of the vessel. If he had the right before seizure by the marshal to take possession of this property by virtue of his mortgage, still the claims of the various lien creditors attach to it in his hands as well as to the hull; and the right to have it taken, condemned and sold, and the proceeds applied under the order of the court, cannot thus be defeated. And this right of lien creditors, which attaches to the vessel herself, her tackle, apparel and furniture, and to every part thereof, in cases where the property has been sold or disposed of so that it cannot be reached in specie by the process of the court, may be enforced against the proceeds of the property, in whose hands soever it may be found, and that either by the order of the court or by its judgment and decree. Such has often been the action of courts of admiralty. The Harmonie, 1 W. Rob. Adm. 179; Coote, Adm. Pr. p. 97. See, also, Pitman v. Hooper [Cases Nos. 11,185 and 11,186], where, before Judge Story, an action in the nature of a proceeding in rem against the proceeds of a vessel was maintained some twenty-eight years after the performance of the service, and where the fund proceeded against was the sum then first awarded by a foreign government as compensation for the seizure and sale of the vessel twenty-eight years previous.

As this master then concedes that he took the property in question, has sold it, and now has the proceeds in his possession, he must be required to pay such proceeds into the registry, there to be subjected to such claims as may be held to be valid liens upon this vessel.

With regard to the proceeding, as against Smith, I think a fuller examination of the facts attending his connection with the disposition of this property is necessary before making any order against him. I shall therefore direct a reference to a commissioner, to ascertain and report as to the truth of the allegations made against him.

In thus disposing of the various applications made in behalf of the libellant Birchard, I have in no way passed upon the validity of his claim as against this fund. That claim the master may contest if so advised, and the decree made in favor of Birchard will be opened for that purpose. Neither have I passed upon the effect of evidence tending to show some understanding between Birchard and the master, that the claim of the master should be first paid. All these questions I leave to be disposed of when they arise upon the hearing of the causes, or upon the motion to determine the priorities of the various libellants.

I also reserve the questions of the costs of entering the decrees now set aside, till the final order of distribution. Let an order be entered in accordance with the views expressed in this opinion.